Filed 6/30/26  P. v. Tucker CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br>v.<br><br>SAMUEL HORACE TUCKER,<br>    Defendant and Appellant. | A175828<br><br>(Contra Costa County Super. Ct. Nos. 04-24-02024, 02-25-01141, 04-25-01592, 01-25-03465) |

**MEMORANDUM OPINION[1]**

Between October 2024 and October 2025, the Contra Costa County District Attorney filed four complaints alleging Samuel Horace Tucker committed various offenses — two counts of misdemeanor shoplifting (Pen. Code, § 459.5, undesignated statutory references are to this code); misdemeanor violations of possession of controlled substance (Health & Saf. Code, § 11377); two counts of possession of smoking device (Health & Saf. Code, § 11364); felony robbery (§ 211); and misdemeanor violations of theft with two or more convictions (§ 666.1).  In one of the cases, Tucker allegedly took lemonade and other items from a store without paying.  An employee

---

[1] We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1), reciting only those facts necessary to do so.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

confronted Tucker, who then pushed and spit on the employee, and yelled slurs.[2]

After defense counsel expressed a doubt regarding Tucker's competence to stand trial, the trial court suspended criminal proceedings and appointed a psychologist to evaluate his competency and medical decision-making capacity for his four open cases. The psychologist determined Tucker was not competent to stand trial, and the court agreed. The court committed him to the State Department of State Hospitals for competency restoration in a locked forensic setting based on the placement recommendation from a conditional release program. (§ 1370.) The court also found Tucker lacked the capacity to make decisions regarding antipsychotic medication and authorized its administration on an involuntary basis pursuant to the psychologist's recommendation. Tucker appealed.

Tucker's appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) — when counsel files a brief summarizing the facts and proceedings but raising no issues, appellate court reviews the entire record to determine any arguable issues — and *People v. Blanchard* (2019) 43 Cal.App.5th 1020 (*Blanchard*) — no *Wende* review in appeals from an involuntary commitment order in competency proceedings — raising no issues and asking this court to review the record to assess whether there are any arguable issues for appeal. (*Wende*, at pp. 441–442; *Blanchard*, at p. 1025.) Though Tucker was notified of his right to file a supplemental brief, he has not done so. (*Blanchard*, at p. 1026; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 & fn. 6 [noting appellate counsel in conservatorship proceedings should inform the court they found no arguable

---

[2] The record does not contain detailed information regarding Tucker's remaining three cases.

2

issues to be pursued on appeal, file a brief identifying applicable facts and law, and notify conservatee of the right to file a supplemental brief].)  The brief filed by Tucker's counsel provides an adequate basis to dismiss his appeal.  We decline to exercise our discretion to retain the appeal and instead dismiss it on our own motion.  (*Blanchard*, at pp. 1025–1026.)

## DISPOSITION

The appeal is dismissed.

_____

RODRÍGUEZ, J.

WE CONCUR:


_____

FUJISAKI, Acting P. J.


_____

PETROU, J.

A175828; *People v. Tucker*